3029775-LRB/PMH

**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| THOMAS KEENAN )<br>    Plaintiff, )<br>        )<br>   v. )<br>        )<br>RYDER SYSTEM, INC., and RYDER )<br>TRUCK RENTAL, INC., a/k/a d/b/a )<br>RYDER TRANSPORTATION SERVICES, )<br>and MIDWEST ICE CREAM COMPANY, )<br>LLC. )<br>        )<br>    Defendants. ) | Court No. 1:17-cv-00231 |

**NOTICE OF REMOVAL**

NOW COME Defendants RYDER TRUCK RENTAL, INC., d/b/a RYDER TRANSPORTATION SERVICES and RYDER SYSTEM, INC., by and through their attorneys, Lew R.C. Bricker, Peter M. Henry, and SmithAmundsen LLC, and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, remove this action to the United States District Court for the Northern District of Illinois, Eastern Division, and in support thereof, state as follows:

1. The Defendants' Notice of Removal is based upon subject matter jurisdiction conferred by diversity of citizenship as established in 28 U.S.C. § 1332.

2. The plaintiff, THOMAS KEENAN, is and at the time of the accident was a resident and citizen of Illinois.

3. Defendant RYDER TRUCK RENTAL, INC., d/b/a RYDER TRANSPORTATION SERVICES is, and at the time of the accident was, a Florida corporation with its principal place of business in Florida. (See Ryder Truck Rental's 2016 Annual Report from the Florida Secretary of State's website attached hereto as **Exhibit A**.)

4. Defendant RYDER SYSTEM, INC., is not a proper party to this action, as it did not own, operate, maintain, or control the vehicle in question, and should be dismissed; however, irrespective of RYDER SYSTEM, INC.'s involvement, it is also a Florida corporation with its principal place of business in Florida. (See Ryder System's 2016 Annual Report from the Florida Secretary of State's website attached hereto as **Exhibit B**.)

5. MIDWEST ICE CREAM COMPANY, LLC, is no longer a party to this action, as it was dismissed on September 8, 2016. (See Cook County Circuit Court Order dated September 8, 2016, attached hereto as **Exhibit C**.)

6. Complete diversity of citizenship exists between Plaintiff and Defendants in this matter.

7. On March 23, 2016, the plaintiff, THOMAS KEENAN, filed a Complaint at Law in the Circuit Court of Cook County, Illinois, Law Division, in the civil action styled *Thomas Keenan v. Ryder System, Inc.*, bearing Cook County Court No. 2016 L 003022. (See Plaintiff's Complaint at Law, attached hereto as **Exhibit D**.) RYDER SYSTEM was served on May 25, 2016. (See Summons served on Ryder System, Inc., attached hereto as **Exhibit E**.)

8. On June 8, 2016, the plaintiff, THOMAS KEENAN, filed a Second Amended Complaint at Law (no First Amended Complaint was filed) in the Circuit Court of Cook County, Illinois, Law Division, in the civil action styled *Thomas Keenan v. Ryder System, Inc., and Ryder Truck Rental, Inc., a/k/a d/b/a Ryder Transportation Services, and Midwest Ice Cream Company, LLC*, bearing Cook County Court No. 2016 L 003022. (See Plaintiff's Second Amended Complaint at Law, attached hereto as **Exhibit F**). Counsel accepted service for RYDER TRUCK RENTAL and appeared on June 21, 2016.

9. The Second Amended Complaint at Law alleges that, as a result of the actions or omissions of the Defendants over the course of June 19, 2014 through June 30, 2014, the Plaintiff suffered an injury to his back, but provided no additional detail pertaining to how the Plaintiff was injured or the extent of his injuries; the original Complaint at Law provided similarly scant detail. He prays for judgment "in an amount of money in excess of the jurisdictional limit necessary to bring this action in the Circuit Court of Cook County, Illinois." As it was filed in the Law Division of the Circuit Court of Cook County, the jurisdictional minimum is $30,000.00. As such, the Defendants were not provided sufficient information to determine whether the amount in controversy exceeded $75,000.00, the jurisdictional minimum for federal diversity jurisdiction under 28 U.S.C. § 1332.

10. As of the date of this filing, Plaintiff has not answered discovery or provided any medical records or medical bills in this matter; however, on December 14, 2016, counsel for movants spoke with Plaintiff's counsel. In that conversation, Plaintiff's counsel advised that the injury to Plaintiff's back was a herniated disc, and that part of the treatment for said injury involved surgical correction. Based on counsel's representation that the Plaintiff underwent back surgery as the alleged result of this incident, the movants now have a good faith basis to believe that the amount in controversy exceeds the jurisdictional limit of $75,000.00.

11. This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b), which provides:

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

3

12. This Notice of Removal was filed within thirty days of December 14, 2016, the date the defendants learned the matter was removable, and within one year of March 23, 2016, the date of commencement of this action, as required by 28 U.S.C. § 1446(b).

13. As required by 28 U.S.C. § 1446(d), the movants will promptly serve upon Plaintiff's counsel and file with the Cook County Circuit Court a true and correct copy of this Notice.

14. By removing this action, Defendants do not waive any defenses available to them.

15. If any question arises as to the propriety of the removal of this action, the movants request the opportunity to present a brief and oral argument in support of their position that this case is removable.

WHEREFORE Defendants, RYDER TRUCK RENTAL d/b/a RYDER TRANSPORTATION SERVICES, and RYDER SYSTEM, INC., by their attorneys, Lew R.C. Bricker, Peter M. Henry, and SmithAmundsen LLC, pray that this Honorable Court retain jurisdiction of this matter pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

Respectfully Submitted By:

S/ Peter M. Henry
Peter M. Henry (#6313028)
Attorney for Defendants,
Ryder Truck Rental d/b/a Ryder Transportation Services, and Ryder System, Inc.
SmithAmundsen LLC
150 N. Michigan Avenue, Suite 3300
Chicago, IL 60601
(312) 894-3200
(312) 894-3210
phenry@salawus.com